[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-14237

_____

CATERPILLAR FINANCIAL SERVICES CORPORATION,

Plaintiff-Appellant,

_versus_

VENEQUIP MACHINERY SALES CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-23002-RNS

_____

Before WILLIAM PRYOR, Chief Judge, and LUCK and BRASHER, Circuit Judges.

BRASHER, Circuit Judge:

This appeal is about the legal standard a district court should apply in assessing whether to dismiss a breach of contract claim under Rule 12(b)(6). Caterpillar Financial Services Corporation and Venequip Machinery Sales Corporation Miami are parties to an inventory loan agreement governed by Tennessee law. Caterpillar Financial alleged that Venequip Miami breached the inventory loan agreement by failing to repay, and it attached the inventory loan agreement to its complaint. Venequip Miami moved for Rule 12(b)(6) dismissal on the grounds that Caterpillar Financial failed to specify which portion of the inventory loan agreement Venequip Miami breached. The district court dismissed the case with prejudice, and Caterpillar Financial appealed. After careful review, we conclude that the complaint sufficiently alleged a breach of contract claim under Tennessee law. Accordingly, we reverse the district court's judgment and remand for further proceedings.

## I.

The relevant facts come from Caterpillar Financial's complaint. First, we describe the inventory loan agreement, which is the allegedly breached contract at the center of this litigation. Next, we explain why a separate Curaçao loan agreement matters to this dispute. Last, we recount the procedural history that led to this appeal.

*A.*

On one side of the inventory loan agreement is Caterpillar Financial Services Corporation, a subsidiary of Caterpillar, Inc. On the other side is Venequip Machinery Sales Corporation Miami. Caterpillar Financial attached the inventory loan agreement to its complaint as Exhibit A.

The inventory loan agreement allowed Venequip Miami to request funds from Caterpillar Financial. Whenever Venequip Miami wished to borrow funds from Caterpillar Financial, "it would deliver an executed Note to [Caterpillar Financial]." Compl. ¶ 30(a), Dkt. No. 1. Caterpillar Financial then "had the right, but not any obligation, to grant" the "loan request (subject to the loan ceiling of $5 million) (Clause 2.14)." *Id.* Each note "evidenced a Loan (Clause 2.02) by [Caterpillar Financial], payable to the order of [Caterpillar Financial] with a 12-month (360 days) maturity, with all accrued interest and principal outstanding due at maturity, and each Note otherwise governed by the Inventory Loan Agreement (Clause 2.03)." *Id.* The parties entered into six notes under the inventory loan agreement, "all on identical terms and conditions but-for the amount borrowed." *Id.* ¶ 31; *see id.* ¶¶ 32–38. "In total, the Parties entered into six Promissory Notes . . . in principal amounts which totaled $4,772,386.16." *Id.* ¶ 38.

The inventory loan agreement provided that default would occur if Venequip Miami "fail[ed] to repay the amount of principal or interest as they came due, [or for] any other failure to perform obligations under the terms of the agreement." *Id.* ¶ 30(b)–(c); Ex.

A § 7.01(a)–(b), Dkt. No. 1-3. Default would also occur "if there was any adverse change with respect to [Venequip Miami's] financial condition which resulted in [Caterpillar Financial's] opinion in a material impairment of the prospect of repayment." Compl. ¶ 30(b)–(c); Ex. A § 7.01(g).

"The Inventory Loan Agreement is governed by the laws of Tennessee," and "any judicial proceedings brought against [Venequip Miami] may be brought at the election of [Caterpillar Financial] in any state or federal court . . . in . . . Florida." Compl. ¶¶ 26–27; Ex. A §§ 8.08–8.09.

### B.

Another agreement between the parties' affiliates in Curaçao matters to this appeal. Caterpillar Crédito, SA de CV Sociedad Financiera De Objeto Múltiple ENR is a subsidiary of Caterpillar Financial. About ten years before Caterpillar Financial and Venequip Miami entered into the inventory loan agreement, Caterpillar Crédito entered into a loan agreement with VMSC Curaçao, N.A. in which VMSC Curaçao borrowed about $4.9 million. "VMSC Curaçao's obligations under this Original Loan Agreement were secured by a corporate guarantee" between "[Caterpillar] Crédito (as beneficiary of the guarantee), and (i) Venequip S.A. (a Venezuelan company), (ii) Solidus Investments Corporation (a Barbados company) and (iii) [Venequip] Miami." Compl. ¶ 14. By 2015, the existing line of credit for the Curaçao loan agreement was $110 million.

In December 2017, VMSC Curaçao defaulted because it failed "to make all required payments when due." Id. ¶ 17. The

corporate guarantors (Venequip S.A., Solidus, and Venequip Miami) also failed to honor their obligations under the Curaçao loan agreement. Caterpillar Crédito sued VMSC Curaçao, Venequip S.A., and Solidus in Curaçao court, "seeking to recover over $120 million in principal, interest, default interest, and other damages." *Id.* ¶ 19. Venequip Miami is not a party to the Curaçao proceedings. Caterpillar Crédito filed a separate suit against Venequip Miami in the Southern District of Florida for its alleged breach of the Curaçao loan agreement.

### C.

Caterpillar Financial took notice of the events in Curaçao. After VMSC Curaçao defaulted on the Curaçao loan agreement, Caterpillar Financial "formally declared an event of default . . . as to the Inventory Loan Agreement[] on the basis that the VMSC Curaçao default constituted material impairment of the prospect that [Venequip] Miami could or would[] be financially capable to repay the Inventory Loan Agreement." *Id.* ¶ 39; Ex. A § 7.01(g). Caterpillar Financial then "exercised its right to accelerate repayment of outstanding amounts due . . . under the Inventory Loan Agreement." Compl. ¶ 40. Caterpillar Financial notified Venequip Miami "of the 'event of default' under the Inventory Loan Agreement, and demanded repayment of all outstanding principal, interest and other amounts then due under the Inventory Loan Agreement." *Id.*

"Despite written notice as to an event of default and [Caterpillar Financial's] demand for repayment, [Caterpillar Financial]

has received no repayment of any kind under the terms of the Inventory Loan Agreement." *Id.* ¶ 42. According to Caterpillar Financial, the outstanding amount due "is in excess of $10 million." *Id.* ¶ 41.

Caterpillar Financial filed suit against Venequip Miami in the Southern District of Florida. Caterpillar Financial's complaint alleged a sole count of breach of contract. In the complaint, Caterpillar Financial explained that the parties entered into the inventory loan agreement, Venequip Miami breached the agreement "by, among other things, failing to make the required repayments," and that because of the breach, Caterpillar Financial suffered monetary damages. *Id.* ¶¶ 44–49.

Venequip Miami moved to stay Caterpillar Financial's action under the international abstention doctrine or, in the alternative, to dismiss Caterpillar Financial's complaint for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. Venequip Miami's abstention arguments are irrelevant to this appeal. But as to Rule 12(b)(6) dismissal, Venequip Miami argued that Caterpillar Financial's complaint failed to sufficiently allege a breach of contract.

The district court dismissed the action with prejudice. The district court concluded that Caterpillar Financial "fail[ed] to adequately allege nonperformance amounting to a breach because it fail[ed] to adequately set forth the provision of the Inventory Loan Agreement that has been breached." Order Adopting in Part R. & R. at 4, Dkt. No. 52. The district court found that the "significance" of the ambiguity "is underscored by the fact that the Inventory

Loan Agreement sets forth eight different potential events of default, so that there are a host of different circumstances in which [Venequip Miami's] alleged nonperformance could amount to a breach." *Id.* at 5. "Thus, specifying the provision breached is necessary to identifying the event of default at issue and any defenses or other deficiencies in the alleged breach." *Id.*

Caterpillar Financial filed a motion under Rules 59(e), 60(b), and 15(a), Fed. R. Civ. P., to alter or amend the district court's judgment. In the motion, Caterpillar Financial requested that the district court allow it to file an amended complaint to cure the deficiencies addressed in the district court's order. Caterpillar Financial attached a proposed amended complaint in support of its motion. The district court denied the motion.

Caterpillar Financial filed a timely notice of appeal.

## II.

"We review the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) *de novo*, using the same standard as the district court." *Caver v. Cent. Ala. Elec. Coop.*, 845 F.3d 1135, 1147 n.9 (11th Cir. 2017). When reviewing a motion to dismiss, we accept the plaintiff's allegations as true and "constru[e] them in the light most favorable to [the] [p]laintiff[]." *Cavalieri v. Avior Airlines C.A.*, 25 F.4th 843, 847 (11th Cir. 2022). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 867 (11th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)). "A claim is facially plausible if the plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). This "plausibility standard 'is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). When making the determination of whether a complaint states a plausible claim, "we 'draw on our judicial experience and common sense.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (citation modified) (quoting *Iqbal*, 556 U.S. at 679).

## III.

Caterpillar Financial argues that it adequately pleaded breach of the inventory loan agreement and that the district court's Rule 12(b)(6) dismissal was erroneous. We agree.

We use a two-step process to determine whether a claim survives Rule 12(b)(6) scrutiny. At the outset, "we determine what must be pled for each cause of action." *Id.* at 1325. The complaint alleges breach of contract, and Tennessee law governs the alleged contract—the inventory loan agreement. Under Tennessee law, "[t]he essential elements of any breach of contract claim include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *Leedy v. Hickory Ridge, LLC*, 663 S.W.3d 537, 548 (Tenn. Ct. App. 2022) (citation modified). Then, we "consider the well-pleaded factual allegations . . . to determine whether they 'plausibly suggest an entitlement to relief.'" *Resnick*, 693 F.3d

at 1326 (quoting *Iqbal*, 556 U.S. at 681). As we explain below, Caterpillar Financial supplied well-pleaded factual allegations that cover each of the three elements of a breach of contract action.

### A.

First, Caterpillar Financial alleged the existence of an enforceable contract—the inventory loan agreement. In the first paragraph of the complaint, Caterpillar Financial states that it brought this lawsuit under "a straight-forward inventory loan agreement" between it and Venequip Miami. Compl. ¶ 1. It attached the signed inventory loan agreement to the complaint and referenced that attachment in its complaint. The complaint sufficiently alleges the existence of an enforceable contract, and Venequip Miami offers no argument to the contrary.

### B.

Second, Caterpillar Financial alleged nonperformance (breach) of the contract by Venequip Miami. Caterpillar Financial alleged two theories of default. One theory is that Venequip Miami is "in default of its obligations under the express terms of the Inventory Loan Agreement by virtue of its failure to repay amounts as they become due." *Id.* ¶ 5. The other theory is that the amounts became due when Caterpillar Financial formally declared a default event and accelerated the debt because VMSC's Curaçao's default on the Curaçao loan agreement "constituted material impairment of the prospect that [Venequip] Miami could or would[] be financially capable to repay the Inventory Loan Agreement." *Id.* ¶ 39.

According to the complaint, Venequip Miami never repaid any of the loans.

Notwithstanding these allegations, the district court dismissed the lawsuit. It concluded that Caterpillar Financial "fail[ed] to adequately allege nonperformance amounting to a breach because it fail[ed] to adequately set forth the provision of the Inventory Loan Agreement that has been breached." Order Adopting in Part R. & R. at 4. Venequip Miami makes two arguments in support of the district court's reasoning. We address each in turn.

1.

Like the district court, Venequip Miami contends that Caterpillar Financial failed to state a claim because it did not identify the inventory loan agreement provision(s) that Venequip Miami allegedly breached. We disagree that federal law imposes this kind of heightened pleading obligation on a breach of contract plaintiff. "At the pleading stage," all a plaintiff must do is provide a "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ramirez v. Paradies Shops, LLC*, 69 F.4th 1213, 1217 (11th Cir. 2023) (citation modified) (quoting Fed. R. Civ. P. 8(a)(2)). Put another way, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). So a breach of contract plaintiff must, as Caterpillar Financial did here, make a plausible allegation that the defendant did not perform as promised. It need not allege anything with particularity.

Venequip Miami relies on three of our precedents to support its proposed heightened pleading argument, but none does. Instead, all three precedents stand for the uncontroversial proposition that a plaintiff must allege enough factual material to identify an enforceable promise that the defendant's actions allegedly breached. But, because Venequip Miami relies so heavily on these precedents for its proposed rule, we will discuss them at length.

In the first decision that Venequip Miami cites, we evaluated a shotgun complaint with "incomprehensible allegations" that never alleged any promise at all. *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). In *Bass*, the plaintiff sued Regions Bank and Fidelity Investments after Fidelity sent him a check according to his instructions, he passed that check to his sister-in-law, she deposited the money in her Regions account, and she spent all the money on herself, against his wishes. Bass alleged that "the parties had a contract that 'controlled, among other things, the manner in which Fidelity would safeguard Bass's funds, negotiate instruments presented to his account, and handle his funds with the necessary and proper safeguards.'" *Id.* at 1356 (citation modified). Bass then alleged that "by, among other things, negotiating and paying an instrument with a forged, improper, and suspicious endorsement, Fidelity breached the parties' contract." *Id.* (citation modified). We agreed with the district court that Bass's complaint never alleged *any* agreement between the parties; it "was insufficient to state a claim because Bass has not alleged any general or specific provision of any contract that Fidelity might have breached." *Id.* at 1358. We also observed that Bass's complaint

contained "incomprehensible allegations" and suggested the district court should have stricken the complaint as a shotgun pleading. *Id.*

Caterpillar Financial's complaint presents nothing like the general and conclusory allegations in *Bass*. Unlike *Bass*, here, there is no dispute that the complaint alleged the "existence of a valid contract." *Id.* Caterpillar Financial, unlike Bass, made allegations about the agreement it alleges Venequip Miami breached. To be sure, Caterpillar Financial did not specifically cite the "Events of Default" section from the inventory loan agreement in its complaint. *See* Ex. A § 7.01. But it all-but quoted from that section several times and attached the entire contract to its complaint.

Second, Venequip Miami relies on a decision where we held that Georgia state law barred a certain type of breach of contract action the plaintiff alleged in her complaint. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 913 (11th Cir. 1993). In *Peterson*, the plaintiff sued her public employer after her termination. *Id.* at 906. She brought federal claims, and a claim under Georgia state law for breach of contract under the theory that her policy manual created an employment contract. *Id.* at 906, 913. We affirmed the district court's dismissal of Peterson's breach of contract claim because "[t]he law in Georgia seems fairly well settled that personnel policy manuals, outside of the constitutional context, may not create a cause of action for breach of contract through wrongful termination." *Id.* at 913.

Like *Bass*, our precedent in *Peterson* is inapt. State law does not bar Caterpillar Financial's theory. Again, unlike in *Peterson*, all agree that Caterpillar Financial has alleged an enforceable contract.

Third, Venequip Miami cites a decision in which the written materials attached to the complaint did not contain the promise that the plaintiff alleged. *Young*, 57 F.4th at 871. In *Young*, the plaintiff sued Grand Canyon under various theories, including breach of contract. One central allegation was that Grand Canyon had misrepresented that students could complete a doctoral program in sixty credit hours, but that Grand Canyon made it practically impossible to achieve that goal. *See id.* at 866. Although we agreed that sort of claim was cognizable under Arizona law, *see id.* at 868–69, we affirmed the district court's dismissal of Young's sixty-hour completion claim because Grand Canyon never made such a promise in any of the documents Young attached to his complaint. We said that there was no "provision in any of the relevant documents promising that a student will complete his doctoral degree program in 60 (and no more than 60) credit hours." *Id.* at 871. Instead, we concluded that the materials "belie any such promise" that a student could complete his doctoral degree program in sixty hours. *Id.*

Put simply, our decision in *Young* suggests that, if the documents the plaintiff cites or attaches to its complaint do not actually contain the promises the plaintiff alleged were breached in his complaint, Rule 12(b)(6) dismissal is appropriate. That is not what happened here. Instead, the inventory loan agreement supports

Caterpillar Financial's complaint and contains the promises Caterpillar Financial alleges were breached. The inventory loan agreement contained explicit promises by Venequip Miami to repay each loan under the agreement within 360 days, and sooner if a default event occurred.

In short, we have never adopted a heightened pleading requirement for a breach of contract claim. In fact, we have previously rejected the idea that a plaintiff must cite "a term or terms of the contract that were allegedly breached" to survive a motion to dismiss, and we labeled that idea "an erroneous notion." *Cavalieri*, 25 F.4th at 852. We reject it again today. Plausibility is all that is required, and Caterpillar Financial's complaint cleared that threshold. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014).

2.

Venequip Miami also contends that Caterpillar Financial's complaint was too vague to provide fair notice of its claims. *See Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2). Specifically, it contends that Caterpillar Financial should have identified which specific provision was breached to determine which of the eight potential events of default occurred. We find that argument unpersuasive for three reasons.

First, Caterpillar Financial's complaint asked for relief based on two of the eight default events. One was a straightforward theory based on Venequip Miami's failure to repay loan amounts when they were due. The other was based on Caterpillar Financial's belief that there was a "material impairment of the prospect

that [Venequip] Miami could or would[] be financially capable to repay the Inventory Loan Agreement." Compl. ¶ 39. None of the other six events of default were mentioned in the complaint.

Second, "Rule 8(d) of the Federal Rules of Civil Procedure expressly permits the pleading of both alternative and inconsistent claims." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009). So Caterpillar Financial's complaint is not subject to dismissal merely because it alleged multiple theories of default. *See id*; *see also Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 805 (1999) ("Our ordinary Rules recognize that a person may not be sure in advance upon which legal theory she will succeed, and so permit parties to set forth two or more statements of a claim or defense alternately or hypothetically . . . ." (citation modified)).

Third, to the extent that Venequip Miami was unsure about the default event that was alleged, it should have moved for a more definite statement under Rule 12(e), not to dismiss the complaint under Rule 12(b)(6). *See Fikes v. City of Daphne*, 79 F.3d 1079, 1082–83 (11th Cir. 1996). "The purpose of a motion under Federal Rule of Civil Procedure 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief." 5B *Wright & Miller's Federal Practice & Procedure* § 1356 (4th ed. 2025). A 12(b)(6) motion, however, "is not designed to correct inartistic pleadings." *Id.* Instead, when a defendant faces an ambiguous complaint, the proper remedy is to move for a more definite statement under Rule 12(e). *Id.*; *see also Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997).

We agree that Caterpillar Financial's complaint may not have been ideal. But it alleged a breach of the inventory loan agreement sufficient to put Venequip Miami on notice of the claim.

## C.

Turning to the last element of a contract claim under Tennessee law, there is no dispute that Caterpillar Financial alleged that it suffered damages due to Venequip Miami's failure to repay the loans. The complaint states, "[a]s a direct result of [Venequip Miami's] breaches, [Caterpillar Financial] has suffered and will continue to suffer significant monetary damages . . . ." Compl. ¶ 49. Accordingly, Caterpillar Financial alleged a breach of contract claim under Tennessee law that was sufficient to survive Rule 12(b)(6) review.

## IV.

We **REVERSE** the district court's judgment and **REMAND** for further proceedings consistent with this opinion.